DAVID S. RENNER, a Minor, by his Parents and Next Friends, Sharon Renner, *et al.*, Plaintiff-Appellee, v. GRAND TRUNK WESTERN RAILROAD COMPANY *et al.*, Defendants (Larry L. Gilbert, Defendant-Appellant).

First District (1st Division)    No. 1—92—1772

Opinion filed May 2, 1994.

Lewis, Overbeck & Furman, of Chicago (Paul V. Esposito and Douglas A. Lindsay, of counsel), for appellant.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Curt N. Rodin, Richard A. Kimnach, James J. Morici, Jr., and Martin J. Lucas, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Larry Gilbert petitioned this court for leave to appeal an order of the circuit court of Cook County denying his motion to quash service for lack of personal jurisdiction in a case filed against him and codefendants Grand Trunk Western Railroad Company (GTW), Indiana Harbor Belt Railroad Company (IHB) and Burlington Northern Railroad Company (BN) by plaintiff David S. Renner, a minor, by his parents and next friends, Sharon and George Renner. Pursuant to Illinois Supreme Court Rule 306(a)(1)(iii) (134 Ill. 2d R. 306(a)(1)(iii)), this court granted Gilbert's petition. Gilbert now appeals.

The record on appeal indicates the following facts. Plaintiff filed a personal injury complaint against defendants on April 22, 1991. The complaint alleges that on August 15, 1989, IHB operated and controlled a railroad line running approximately north and south near 5746 South Kenton in Chicago, Illinois. Plaintiff alleged that the defendants operated, managed, maintained and controlled trains running on this line, which was allegedly adjacent or in proximity to a residential neighborhood heavily populated with children.

Plaintiff alleged that defendants knew that children frequently played in the area, including climbing on and riding on cars operated on the track in this area. Plaintiff also alleged that defendants, through their agents or employees, saw that children played on the tracks and congregated in the area. Defendants allegedly received complaints from area residents about the situation. Plaintiff alleged that he was 15 years old on August 15, 1989. Plaintiff further alleged that due to defendants' negligence, he climbed aboard a southbound freight train near 5476 South Kenton that ran over his right and left

feet and legs as he attempted to climb off the train. Plaintiff charged defendants with negligence in the operation of the railroad line and freight train, in failing to prevent children from entering the area and in failing to adequately warn of the dangers of the area.

Gilbert filed a special appearance and motion to quash service on November 25, 1991. The motion indicates that Gilbert was served at his residence in Battle Creek, Michigan, on October 24, 1991. Gilbert filed an affidavit in support of his motion that states he had been an employee of GTW since 1977 and works out of a GTW terminal in Battle Creek. Gilbert stated that on August 15, 1989, he was employed by GTW as an engineer. Gilbert also stated that his presence and conduct in Illinois on the date in question arose solely in and as a result of his capacity as an employee of GTW. Gilbert thus claimed in his motion that the Illinois courts lack personal jurisdiction over him due to the fiduciary shield doctrine.

Plaintiff deposed Gilbert on the jurisdictional issue on January 27, 1992. In the deposition, Gilbert indicated that as an engineer, GTW periodically assigned him to trains 207 and 206. Train 207 ran from Detroit, Michigan, to Cicero, Illinois; Gilbert would board the train in Battle Creek, Michigan. Train 206 ran the opposite route. Gilbert indicated that he worked these routes approximately 20 to 30 times in the year before plaintiff's injury.

While on these assignments, Gilbert would stay in one of several hotels in Illinois and would eat his meals in the hotel or a nearby restaurant. Gilbert indicated that due to time constraints, he generally did not use the period between assignments to visit friends or acquaintances. According to Gilbert, over the course of 14 years, he once went to an automobile show and once went to a movie theater in Ford City, Illinois, located next to his hotel.

On May 14, 1992, the trial court held a hearing on Gilbert's motion. The parties and the trial court discussed the fiduciary shield doctrine at length, particularly the Illinois Supreme Court's opinion in *Rollins v. Ellwood* (1992), 141 Ill. 2d 244, 565 N.E.2d 1302. The trial court denied Gilbert's motion to quash, but indicated that it would like this court to grant a petition for leave to appeal. Pursuant to Illinois Supreme Court Rule 306(a)(1)(iii) (134 Ill. 2d R. 306(a)(1)(iii)), and finding reasonable grounds fairly challenging the order (see *Rollins*, 141 Ill. 2d at 280, 565 N.E.2d at 1318-19), this court granted Gilbert's petition.

The sole issue presented by the petition is whether the Illinois courts lack personal jurisdiction over petitioner due to the fiduciary shield doctrine. In *Rollins v. Ellwood* (1992), 141 Ill. 2d 244, 565 N.E.2d 1302, our supreme court adopted the fiduciary shield doctrine

as a limitation on Illinois courts' exercise of personal jurisdiction. (*Rollins*, 141 Ill. 2d at 280, 565 N.E.2d at 1318.) *Rollins* involved claims of unlawful restraint and kidnapping against a Baltimore police officer. Apparently, Rollins was arrested in Illinois and was extradited to Maryland in a case of mistaken identity. See *Rollins*, 141 Ill. 2d at 249-53, 565 N.E.2d at 1304-06.

■ The *Rollins* court determined that whether Illinois courts may assert personal jurisdiction over a nonresident defendant must be measured not only by the Illinois long-arm statute and the United States Constitution's guarantee of due process, but also the due process guarantee of the Illinois Constitution. (*Rollins*, 141 Ill. 2d at 275, 565 N.E.2d at 1316.) Our supreme court stated as follows:

> "Jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." (*Rollins*, 141 Ill. 2d at 275, 565 N.E.2d at 1316.)

Our supreme court concluded that this standard had not been met in *Rollins*, adding that:

> "Ellwood entered into Illinois, and while in Illinois engaged in conduct giving rise to the present cause of action, solely in his capacity as a police officer acting for the Baltimore police department and the State of Maryland. The nature and quality of his actions in Illinois were defined and characterized by his status as a police officer employed by these entities." *Rollins*, 141 Ill. 2d at 279, 565 N.E.2d at 1318.

The record in this case differs from the record stated by our supreme court in *Rollins*. It is well established that a police department is a paramilitary organization with a chain of command. (*Martin v. Matthys* (1986), 149 Ill. App. 3d 800, 501 N.E.2d 286.) A rule permitting each officer to subjectively determine whether he believes an order to be lawful and reasonable would destroy the discipline necessarily inherent in a paramilitary organization such as the police department, and would thwart the authority and respect which is the foundation of the effective and efficient operation of a police force. (See *Launius v. Board of Fire & Police Commissioners* (1992), 151 Ill. 2d 419, 436, 603 N.E.2d 477, 485 (quoting *Martin* with approval).) The *Rollins* court, in holding that the Illinois courts lacked personal jurisdiction over a nonresident defendant where the nature and quality of the conduct giving rise to the lawsuit was defined solely by the defendant's status as a police officer, merely recognized the extremely limited discretion that may be exercised by a police officer in carrying out the orders of his or her superiors.

■ In this case, however, there has been no showing that the nature and quality of the acts performed by the nonresident defendant were similarly compelled by his status as a railroad engineer. Petitioner failed to show that the acts giving rise to his status as a defendant in this suit were compelled by the order of his employer. Rather, this cause of action appears to arise out of alleged negligence by a nonresident occurring during normal commercial activity in Illinois—a factual matrix which has traditionally subjected that defendant to the personal jurisdiction of the Illinois courts. (See Ill. Rev. Stat. 1991, ch. 110, pars. 2—209(a)(1), (a)(2).) Consequently, we conclude that the trial court did not err in denying petitioner's motion to quash.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.