JOHN DOE, Plaintiff-Appellant, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendant-Appellee.

First District (2nd Division)   No. 1—92—3966

Opinion filed August 23, 1994, *nunc pro tunc* May 17, 1994.

William T. Huyck, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Deborah Ahlstrand, Assistant Attorney General, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The Illinois Department of Children and Family Services (DCFS), pursuant to the Abused and Neglected Child Reporting Act (ANCRA)

(the Act) (Ill. Rev. Stat. 1989, ch. 23, par. 2051 *et seq.* (now 325 ILCS 5/1 *et seq.* (West 1992))), investigated two reports of suspected child abuse made by teenage girls against Dr. John Doe (a court-allowed pseudonym), a clinical psychologist at Charter Barclay Hospital's inpatient, adolescent unit. The incidents allegedly occurred while the girls were staying at the hospital. Following formal investigations, DCFS made a determination that the reports were "indicated" and classified them in the central register of all cases of suspected child abuse or neglect reported and maintained by DCFS. Ill. Rev. Stat. 1989, ch. 23, par. 2057.7 (now 325 ILCS 5/7.7 (West 1992)).

On appeal, plaintiff contends that DCFS applied erroneous interpretations of the criteria under ANCRA and the DCFS administrative regulations in determining that the reports were "indicated" and that the circuit court erred in determining that the findings of fact made by DCFS were not against the manifest weight of the evidence.

C.W., then 17 years old, reported that while she was a patient at Barclay Hospital, she was acquainted with Dr. Doe, but he was not the clinical psychologist assigned to her. C.W. alleged that Dr. Doe had kissed her on the lips in the elevator, had come to her room several times to talk with her, and had given her "full embrace hugs." Following a formal investigation, the DCFS investigator determined that C.W. was at risk of sexual harm and "indicated" a finding of a substantial risk of physical injury or substantial risk of sexual abuse as set forth in allegation 22 of appendix B of the Illinois Administrative Code, Social Services. 89 Ill. Adm. Code § 300, app. B (1991).

B.T., then 15 years old, reported that while she was a patient at the hospital, Dr. Doe had put his hand on her buttocks and upper thigh area. Dr. Doe was not the clinical psychologist assigned to her. Following a formal investigation, the DCFS investigator "indicated" a finding of sexual molestation as set forth in allegation 21 of appendix B of the Illinois Administrative Code, Social Services. 89 Ill. Adm. Code § 300, app. B (1991).

Dr. Doe sought to expunge the reports from the central register. Following an administrative hearing, the hearing officer recommended that Dr. Doe's request for expunction be denied. DCFS concurred with the recommendation of the hearing officer and formally denied Dr. Doe's request for expunction of the record. Dr. Doe's complaint for administrative review was also denied.

Dr. Doe contends that the definition of "abused child" as set forth in section 3 of ANCRA (Ill. Rev. Stat. 1989, ch. 23, par. 2053 (now 325 ILCS 5/3 (West 1992))), which extends sex offenses as defined in the Criminal Code of 1961 to include children under 18 years old,

was erroneously applied and an examination of section 12—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—12 (now 720 ILCS 5/12—12 (West 1992))) belies DCFS's interpretation of its statutory powers.

An "abused child" means a child whose parent or immediate family member, or any person responsible for the child's welfare:

> "b. creates a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death, disfigurement, impairment of physical or emotional health, or loss or impairment of any bodily function;
>
> c. commits or allows to be committed any sex offense against such child, as such sex offenses are defined in the Criminal Code of 1961, as amended, and extending those definitions of sex offenses to include children under 18 years of age." (Ill. Rev. Stat. 1989, ch. 23, pars. 2053(b), (c) (now 325 ILCS 5/3(b), (c) (West 1992)).)

Sexual conduct is defined in the Criminal Code of 1961 as:

> "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Rev. Stat. 1989, ch. 38, par. 12—12(e) (now 720 ILCS 5/12—12(e) (West 1992)).

It is Dr. Doe's contention that a kiss on the lips and a pat on the buttocks do not qualify as child abuse under ANCRA because "sexual conduct" as defined under the Criminal Code of 1961 does not include this particular type of conduct. Dr. Doe also argues that ANCRA cannot use the criminal statutes to "bootstrap" any terms therein and automatically extend such conduct to any child under 18 years of age.

Subsection 12—12(e) of the Criminal Code describes "sexual conduct" as touching the "sex organs, anus or breast of the victim" or touching "any part of the body of a child under 13 years of age." (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(e) (now 720 ILCS 5/12—12(e) (West 1992)).) Here, Dr. Doe did not touch the sex organs, anus or breast of either C.W. or B.T. (See *People v. Nibbio* (1989), 180 Ill. App. 3d 513, 536 N.E.2d 113 ("buttocks" not deemed part of either the sex organs or anus).) Further, Dr. Doe correctly notes that under subsection 12—12(e) neither a kiss on the lips nor a touch of the buttocks could constitute sexual conduct here since both girls were over 13 years old. Nevertheless, the Criminal Code is not the only statutory criteria applicable to the case *sub judice.*

ANCRA defines child abuse, in part, by incorporating the sex offenses defined in the Criminal Code and "extending those definitions

of sex offenses to include children under 18 years of age." (Ill. Rev. Stat. 1989, ch. 23, par. 2053(c) (now 325 ILCS 5/3(c) (West 1992)).) ANCRA extended the Criminal Code's definitions of sex offenses to include children under the age of 18 in order to fulfill its statutory mandate to protect the best interests of children and to offer protective services for abused and neglected children. (Ill. Rev. Stat. 1989, ch. 23, par. 2052 (now 325 ILCS 5/2 (West 1992)).) Under AN-CRA, the intentional touching or fondling of any part of the body of a child under 18 years of age constitutes "sexual conduct" and, therefore, child abuse. DCFS correctly interpreted the relevant statutory criteria here when it found that Dr. Doe's kiss of C.W. and touch of B.T.'s buttocks constituted child abuse.

DCFS has statutory authority to promulgate the rules necessary for the execution of its powers. (Ill. Rev. Stat. 1989, ch. 23, par. 5004 (now 20 ILCS 505/4 (West 1992)).) The Illinois Administrative Code sets forth guidelines for DCFS to utilize in implementing the statutory mandate of ANCRA. (89 Ill. Adm. Code § 300 *et seq.* (1991).) Appendix B describes the specific incidents of harm (allegations) which must be alleged under ANCRA before DCFS will accept a report of child abuse or neglect.

Allegation 21 (Sexual Molestation) is described as:

"Sexual conduct with a child when such contact, touching or interaction is used for arousal or gratification of sexual needs or desires. Examples include, but are not limited to:

—fondling

—the alleged perpetrator inappropriately touching or pinching parts of the child's body generally associated with sexual activity, or

—encouraging, forcing, or permitting the child to inappropriately touch parts of the alleged perpetrator's body generally associated with sexual activity." 89 Ill. Adm. Code § 300, app. B (1991).

Allegation 22 (Substantial Risk of Physical Injury) is described as follows:

"Substantial risk of physical injury means that the parent, caretaker, immediate family member aged 16 or over, other person residing in the home aged 16 or over, or the parent's paramour has created a real and significant danger of physical injury or sexual abuse to the child. This allegation of harm is to be used when the type or extent of harm is undefined but the total circumstances lead a reasonable person to believe that the child is in substantial risk of physical injury or sexual abuse. This allegation of harm also includes incidents of violence or intimidation directed toward the child which have not yet resulted in injury or

impairment but which clearly threaten such injury or impairment." 89 Ill. Adm. Code § 300, app. B (1991).

Dr. Doe contends that appendix B in the Illinois Administrative Code, Social Services, is to be used only as a "checklist" in determining whether an initial investigation on a report of suspected child abuse should be commenced and once DCFS investigative staff have a "good faith indication" to believe that abuse exists (89 Ill. Adm. Code § 300.100(g) (1991)), DCFS should no longer use the appendix B allegations during the process of a formal investigation.

Appendix B describes the specific incidents of harm which must be alleged before DCFS will accept a report of suspected child abuse or neglect. (89 Ill. Adm. Code § 300, app. B (1991).) When DCFS receives a report, the DCFS Child Protective Service Unit conducts an initial investigation to validate whether there is a "good faith indication" of abuse or neglect. (89 Ill. Adm. Code § 300.100 (1991).) If DCFS determines that there is reasonable cause to believe that abuse or neglect exists, a formal investigation will commence. (89 Ill. Adm. Code § 300.110 (1991).) Upon completion of a formal investigation, if DCFS finds credible evidence of abuse or neglect, the report is "indicated." (89 Ill. Adm. Code § 300.110 (1991).) We find that DCFS has consistently adhered to the proper statutory definitions and administrative procedures in this case, and the administrative regulations are not inconsistent with ANCRA.

●1 On administrative review, neither this court nor the circuit court can reweigh the evidence or the determination of the credibility of the witnesses, which is to be made by the agency. (*I.F. v. Department of Children & Family Services* (1986), 146 Ill. App. 3d 68, 71, 496 N.E.2d 1162.) When an administrative agency is the finder of fact as well as the interpreter of the law below, a reviewing court is in a less than plenary position. (*I.F.*, 146 Ill. App. 3d at 71.) Although this court is not formally bound by the administrative decision as to the legal effect of statutory language, it will give that conclusion great weight, using it as a substantial factor in its own construction of the statute. (*I.F.*, 146 Ill. App. 3d at 71.) The cardinal rule of statutory construction is to ascertain and give effect to the legislative purpose and intent of the statute. (*Reynolds Metals Co. v. Pollution Control Board* (1982), 108 Ill. App. 3d 156, 160, 438 N.E.2d 1263.) The statute in its entirety must be evaluated with each provision being construed in connection with every other provision and in light of the statute's general purposes. *Braun v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1984), 125 Ill. App. 3d 132, 138, 465 N.E.2d 589.

●2 In the present case, DCFS was statutorily authorized to estab-

lish administrative regulations in order to implement the legislative mandate of ANCRA. The regulations concerning reports of child abuse and neglect are set forth in the Illinois Administrative Code and DCFS properly followed these regulations in determining that the reports of suspected child abuse or neglect necessitated investigations. DCFS has properly interpreted and applied the statutes.

In an action for expunction, the burden of proving the accuracy and consistency of the record is upon the agency. (Ill. Rev. Stat. 1989, ch. 23, par. 2057.16 (now 325 ILCS 5/7.16 (West 1992)).) DCFS here sustained its burden of proof. We will not reweigh the evidence or the determination by the administrative agency as to the credibility of the witnesses. Accordingly, the DCFS decision was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DiVITO, P.J., and SCARIANO, J., concur.