CLYDE B. HAYNES, Plaintiff-Appellant, v. POLICE BOARD OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 1—96—0150

Opinion filed December 8, 1997.

Mark B. Wisniewski, of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff was discharged from his duties as a Chicago police officer by the defendant, the Police Board of the City of Chicago (the Board), and filed an action for administrative review of the decision. The circuit court affirmed the decision, and plaintiff now appeals from that order.

Plaintiff has been employed by the Chicago police department since July 14, 1986. In November 1993, allegations of sexual assault were made against plaintiff. Based upon the facts and circumstances surrounding the complaint, plaintiff was ordered to undergo a psychological examination. Plaintiff refused to undergo the examination, based upon his belief that the request for the examination was wrong. The parties disagree as to whether plaintiff requested counsel at the time of the examination, but agree that plaintiff was being represented by counsel for the complaint relating to sexual assault. The parties also disagree as to the reason plaintiff refused to submit to the exam, and the record indicates different reasons given by the plaintiff at different points in time. It is undisputed, however, that plaintiff refused to sign the form that explained his administrative rights.

The superintendent of police filed charges against plaintiff for

violating two department rules. On October 31, 1994, the Board discharged plaintiff. This decision was based in part upon the findings of the hearing officer that plaintiff had violated department rules by refusing to obey a direct order to undergo an examination. The Board also considered plaintiff's past disciplinary record, which included nine sustained charges against him for various offenses, including excessive force, neglect of duty/conduct unbecoming to an officer, misconduct during the issuance of a traffic citation, verbal abuse, insubordination, reporting late for duty, and medical roll abuse. The Board's decision to discharge plaintiff was not arbitrary and capricious.

The reasons for recommending the psychological examination were set forth in a memorandum from Superintendent Raymond Risley. The memorandum, which was put into evidence before the Board, clearly noted that the psychological examination was indicated to determine whether plaintiff was "fit to perform required duties and/or if he should be referred for counseling." The memorandum also clearly stated that the recommendation for a psychological examination "in no manner, should be considered part of the disciplinary process relative to" the investigation of the incident relating to the original complaint of sexual assault. Richard Wedgbury, the commander of the personnel division, approved the request for a psychological examination. Sergeant Town ordered the plaintiff to take the examination. Plaintiff, at that point, refused to obey Sergeant Town's order.

There are two general orders relating to psychological and physical examinations. A copy of each of these orders was marked as an exhibit during the hearing before the Board. General Order No. 90—5 sets forth the conditions in which mandatory physical and/or psychological examinations will be required. That order also states department policy as follows: "It is imperative that all Department members have the physical stamina and psychological stability to properly perform all required duties." The order contains no language to support plaintiff's assertion that it "was instituted to protect the rights of employees so that they do not have to undergo improperly ordered psychological and physical examinations." General Order No. 74—18, which sets forth the department's medical policy, clearly states that the "Superintendent of Police may order the psychiatric examination of any member to determine fitness for duty."

Over objections of plaintiff's counsel, Sergeant Town testified that the superintendent of police had designated the director of personnel as the approving authority for all psychological examinations. Plaintiff now contends that the testimony was impermissible hearsay.

■ First of all, we do not believe that the testimony necessarily referred to a "statement" but, rather, to an action the superintendent had taken. Assuming, *arguendo*, that the testimony was hearsay and assuming further that it was improperly considered, this error would have been harmless. In *Wohl v. Yelen*, 22 Ill. App. 2d 455, 459, 161 N.E.2d 339, 341 (1959), the court stated:

> "An agency cannot be proved by the statement of the purported agent that he was the agent; but the conduct of the purported agent, what he did with respect to the subject matter of the transaction, his assumption of authority, and his actions in relation to his supposed principal, are all circumstances which may be put in evidence."

Thus, this assumption of authority on the part of the director of personnel was one of the circumstances properly put in evidence to prove he had the authority, as was the fact that the memorandum requesting the exam was sent to the director of personnel and the fact that he then ordered the psychological examination. Based upon the above factors alone, the Board could easily find that Wedgbury had the authority to order the exam. Furthermore, even if Wedgbury was acting without authority, any subsequent ratification of his actions by the superintendent would relate back and supply the original authority to do the act. *Grebe v. Vacek & Co.*, 103 Ill. App. 2d 79, 86, 243 N.E.2d 438, 441 (1968). Therefore, the statement of Sergeant Town was of no practical consequence.

■ The trial court applied the appropriate standard of review of an administrative agency decision, which is to determine whether the findings were against the manifest weight of the evidence. *Launius v. Board of Fire & Police Commissioners*, 151 Ill. 2d 419, 427, 603 N.E.2d 477, 481 (1992). In order to make a determination that an agency's decision was against the manifest weight of the evidence, a court must conclude that all reasonable and unbiased persons, acting within the limits prescribed by law and drawing all inferences in support of the finding, would agree that the finding is erroneous and that the opposite conclusion is clearly evident. *Jagielnik v. Board of Trustees of the Police Pension Fund*, 271 Ill. App. 3d 869, 875, 649 N.E.2d 527, 530 (1995).

In denying plaintiff's petition for administrative review, the circuit court correctly noted that it was not sitting as a trier of fact. "It is not the court's function to resolve factual inconsistencies, nor is it the court's duty to weigh the evidence and then determine where the preponderance of the evidence lies." *Launius*, 151 Ill. 2d at 427-28, 603 N.E.2d at 481. On administrative review, neither this court nor the circuit court can reweigh the evidence or the determination

of the credibility of the witnesses, which is to be made by the agency. *Doe v. Department of Children & Family Services*, 265 Ill. App. 3d 907, 911, 639 N.E.2d 149, 152 (1994); see also *Illinois State Police v. Illinois State Police Merit Board*, 235 Ill. App. 3d 879, 884, 601 N.E.2d 966, 969 (1992) (evaluating the credibility of witnesses and resolving conflicting evidence is within the province of the administrative body).

We conclude that the trial court was correct in deciding that the findings of the Board were not against the manifest weight of the evidence. The Board heard testimony from Sergeant Town that plaintiff refused to sign the form and also heard testimony from Sergeant Town and Officer Kirby that plaintiff refused to submit to the exam. The Board also heard testimony from plaintiff, who was represented by counsel at the hearing.

"Because the weight of the evidence and the credibility of the witnesses are uniquely within the province of the administrative agency, there need only be some competent evidence in the record to support its findings." *Jagielnik*, 271 Ill. App. 3d at 875, 649 N.E.2d at 530-31. Plaintiff acknowledged that he was given the form listing his administrative rights. It is undisputed that plaintiff refused to sign the form. The Board also heard evidence that plaintiff did not ask for an attorney after receiving the form. Plaintiff testified as to a variety of reasons for his disobeying orders. Initially he stated that he refused to take the exam because he believed it was improper, later he stated that he had requested counsel and been refused. He also stated that after being ordered to take the psychological examination and thereafter receiving the form listing his administrative rights, he thought it was too late too ask for counsel, so he did not ask. After carefully reviewing the record, we conclude the Board's decision was supported by sufficient evidence.

None of plaintiff's arguments negate the fact that plaintiff refused to sign the form nor do they justify his refusing to do so. Plaintiff's refusal to sign the form, combined with his past disciplinary record, would be sufficient for a rational trier of fact to conclude what the Board concluded. For the same reasons noted above, we conclude that the Board's decision to discharge plaintiff was not arbitrary and capricious.

Plaintiff's refusal to obey a direct order was not justified by his *mistaken* belief that he should not have to take a psychological examination. A police officer does not have the prerogative of actively disobeying an order from a superior while the officer subjectively determines whether the order is lawful, valid or reasonable because such a practice would thwart the authority and respect which is the

foundation of the effective and efficient operation of a police force and destroy the discipline necessarily inherent in a paramilitary organization such as the police department. See *Launius*, 151 Ill. 2d at 436, 603 N.E.2d at 485; *Krecek v. Board of Police Commissioners*, 271 Ill. App. 3d 418, 425, 646 N.E.2d 1314, 1320 (1995); *Renner v. Grand Trunk Western R.R. Co.*, 263 Ill. App. 3d 547, 550, 641 N.E.2d 1, 3 (1994).

Plaintiff contends that he was not required to obey an unlawful order. Even assuming the department did not follow its own internal guidelines, that departure would not necessarily make an order "unlawful." "[T]he violation of self-imposed rules or internal guidelines *** does not normally impose a legal duty." *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 454, 676 N.E.2d 985, 992 (1997). In view of this principle and our conclusion that the general orders were not instituted to protect plaintiff's rights, but instead to assure that members "have the physical stamina and psychological stability to properly perform all required duties," any lack of strict compliance with the guidelines created no legal right on the part of the plaintiff.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

CAMPBELL, P.J., and O'BRIEN, J., concur.