SIXTH DIVISION
June 29, 2007

Nos. 1-05-3273 and 1-05-3453

| | | |
|---|---|---|
| SHARON SIWEK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee and | ) | Cook County |
| Cross-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE POLICE BOARD OF THE CITY OF | ) | |
| CHICAGO; DEMETRIUS E. CARNEY; | ) | |
| SCOTT J. DAVIS; PHYLLIS L. | ) | |
| APPELBAUM; VICTOR GONZALEZ; | ) | No. 04 CH 21040 |
| PATRICIA C. BOBB; WILLIAM C. | ) | |
| KIRKLING, D.D.S; REV. JOHNNY L. | ) | |
| MILLER; ART SMITH; GEORGE M. | ) | |
| VELCICH; MARK IRIS, Executive | ) | |
| Director of the Police Board of | ) | |
| the City of Chicago; MICHAEL G. | ) | |
| BERLAND, Hearing Officer; and | ) | |
| PHILIP J. CLINE, Superintendent | ) | |
| of Police, | ) | |
| | ) | Honorable |
| Respondent-Appellants and | ) | Bernetta D. Bush |
| Cross-Appellees. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

Sharon Siwek, a Chicago police department officer, was discharged by the Police Board of the City of Chicago for violating department rules prohibiting other employment while on paid medical leave. On administrative review, the circuit court of Cook County reversed the termination and remanded her case to the Board with instructions to impose a different sanction. The Board imposed a five-year suspension, and now appeals. We

reverse the order of the circuit court.

BACKGROUND

The parties to the instant appeal do not dispute any of the facts material to our review. In June 2002, Officer Sharon Siwek, then a veteran of more than 12 years' service with the Chicago police department, was placed on the department's paid medical disability roll due to back and foot injuries she sustained in a car accident. (The record before this court does not reveal details of the accident and the parties do not suggest that they are relevant to the instant appeal.) Siwek received full salary from the department until returning to work in April 2003. Though some of the period was covered by payments not attributable to medical leave, such as accrued vacation, Siwek received medical disability payments for more than eight months. During that period, she provided the department with numerous reports from doctors advising that she should not yet return to work.

During that period, Siwek also found employment as a security guard for the Chicago Board of Education. She generally worked a four-hour shift at a Chicago elementary school, usually sitting at a desk at the front entrance of the school. At the time, Chicago police officers were subject to a general order which prohibited "secondary employment," defined as "any extra-Department activity for which any Department member is being compensated in salary, wages or commissions or other things of

value for services performed for an employer or in a self-employed status," while that officer was "on the Medical Roll for any reason."

In June 2004, the superintendent of police brought charges against Siwek to the Police Board of the City of Chicago, seeking Siwek's dismissal. The superintendent alleged that Siwek had maintained other employment while on medical leave, and in so doing had violated department Rule 2, which prohibits "[a]ny action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department"; Rule 6, which prohibits "[d]isobediance of an order or directive, whether written or oral"; and Rule 23, which prohibits "[f]ailure to obey Department orders concerning other employment, occupation, or profession."

At the Police Board hearing, Siwek conceded that she had committed the actions alleged by the superintendent, that those actions violated department rules that had been in force since the year she joined the department, and that it had been her obligation to know and abide by those rules. In her defense, Siwek argued that she had not been aware that her school employment violated department rules. The Board was presented with documentary evidence of Siwek's record as a police officer, including the number of awards she received and the fact that she had been suspended five times for incidents occurring in the period from August 1998 to April 2000, including a three-day

3

suspension in 2001 for an unspecified 1998 "medical roll" violation and a 10-day suspension in 2001 for a 1999 incident of insubordination.  The Board determined that Siwek was guilty of the alleged rules violations and ordered her termination.

Siwek filed a petition for administrative review of the Board's decision in the circuit court of Cook County; the circuit court, commenting that termination was "too severe" a sanction for Siwek's conduct, reversed the Board decision and remanded the case to the Board with directions to impose a penalty other than termination.  The Board stated that it had "again considered the evidence in this case, including the testimony, exhibits, and the Respondent's complimentary and disciplinary history," and that it remained "convinced that Police Officer Sharon Siwek's conduct renders her unfit for employment as a Police Officer with the Department of Police of the City of Chicago."  Explicitly noting that its sanction on remand was solely to comply with the circuit court's order, and encouraging the superintendent to seek appellate review of that order, the Board suspended Siwek for five years.  The circuit court confirmed its approval of the five-year suspension, and the superintendent and the Board brought the instant appeal.  Siwek also filed a notice of appeal, announcing her intent to seek review of the suspension, and we consolidated the two appeals.

ANALYSIS

Appellate review of an administrative agency's

4

1-05-3273; 1-05-3453

discharge decision generally requires a two-stage analysis: a determination of whether the agency's factual findings are contrary to the manifest weight of the evidence and a determination of whether those findings provide a sufficient basis for the agency's conclusion that cause for termination does or does not exist. Sangirardi v. Village of Stickney, 342 Ill. App. 3d 1, 17 (2003); Kappel v. Police Board of the City of Chicago, 220 Ill. App. 3d 580, 588 (1991). Since the propriety of the Board's findings is not at issue in the instant case, our focus here is on the findings' sufficiency as a basis for the termination decision.

In our review of an administrative discharge decision, "we may not consider whether we would have imposed a more lenient disciplinary sentence"; instead, our review "is limited to a determination of whether the Board acted unreasonably or arbitrarily by selecting a type of discipline that was inappropriate or unrelated to the needs of the service." Krocka v. Police Board of the City of Chicago, 327 Ill. App. 3d 36, 48 (2001), citing Wilson v. Board of Fire & Police Commissioners, 205 Ill. App. 3d 984, 992 (1990).

Illinois courts have recognized that police departments, as paramilitary organizations, require disciplined officers to function effectively, and have accordingly held that the promotion of discipline through sanctions for disobedience of rules, regulations and orders is neither inappropriate nor

5

1-05-3273; 1-05-3453

unrelated to the needs of a police force. <u>Sangirardi v. Village of Stickney</u>, 342 Ill. App. 3d 1, 17 (2003); <u>Haynes v. Police Board of the City of Chicago</u>, 293 Ill. App. 3d 508, 512-13 (1997). An officer's violation of a single rule has long been held to be a sufficient basis for termination. <u>Kinter v. Board of Fire & Police Commissioners</u>, 194 Ill. App. 3d 126, 134 (1990); <u>King v. City of Chicago</u>, 60 Ill. App. 3d 504, 508 (1978); <u>Moriarty v. Police Board of the City of Chicago</u>, 7 Ill. App. 3d 978, 982 (1972).

Siwek contends that the Board's decision to terminate her was arbitrary and unreasonable, and seeks to support that contention with citations to Illinois precedents in which police officers whose conduct was arguably worse than hers received less severe sanctions. However, the fact that different individuals have been disciplined differently is not a basis for concluding that an agency's disciplinary decision is unreasonable; such conclusions are appropriate when individuals receive different discipline in a single, identical, "completely related" case. <u>Launius v. Board of Fire & Police Commissioners</u>, 151 Ill. 2d 419, 441-42 (1992). Siwek concedes that no completely related case exists as a basis for comparison to the discipline she received for her conduct. We are therefore unpersuaded by her assertion that sanctions imposed in other cases show the Board's initial termination decision to be arbitrary or unreasonable.

Siwek also contends that the Board acted arbitrarily in

6

failing to find that evidence of her good character and conduct was sufficient to mitigate against imposition of the extreme sanction of termination.  We disagree.  An administrative agency need not give mitigating evidence sufficient weight to overcome a termination decision, and a discharge decision made despite the presentation of such evidence is not, without more, arbitrary or otherwise erroneous.  Kappel v. Police Board of Chicago, 220 Ill. App. 3d 580, 596-97 (1991).

CONCLUSION

For the foregoing reasons, we conclude that the Board's initial termination decision was not erroneous.  The order of the circuit court of Cook County vacating that termination and mandating imposition of a different sanction is accordingly reversed, and the cause is hereby remanded to that court with directions to reinstate the Board's initial order.  In light of that disposition, Siwek's appeal regarding the propriety of the five-year suspension imposed by the Board on remand is dismissed as moot.

No. 1-05-3273, Reversed and remanded with directions.

No. 1-05-3453, Appeal dismissed.

JOSEPH GORDON and O'MALLEY, JJ., concur.