# Illinois Official Reports

## Appellate Court

*Gernaga v. City of Chicago*, 2015 IL App (1st) 130272

| | |
|---|---|
| Appellate Court Caption | BOHDAN GERNAGA, Plaintiff-Appellee, v. THE CITY OF CHICAGO, a Municipal Corporation; THE CITY OF CHICAGO DEPARTMENT OF ADMINISTRATIVE HEARINGS, Defendants-Appellants. |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-0272 |
| Filed | May 8, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-625329; the Hon. Patrick Rogers, Judge, presiding. |
| Judgment | Circuit court reversed. Administrative agency's decision affirmed and reinstated. |
| Counsel on Appeal | Stephen R. Patton, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Justin A. Houppert, Assistant Corporation Counsel, of counsel), for appellants.<br><br>Patrick J. Keating, of Simmons Browder Gianaris Angelides & Barnerd LLC, of Chicago, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal arises from administrative review of a decision by the City of Chicago's department of administrative hearings (DOAH). Plaintiff, Mr. Bohdan Gernaga, sought administrative review of a decision issued by the DOAH finding him liable for violating section 9-102-020(a) of the Chicago Municipal Code (Municipal Code) (Chicago Municipal Code § 9-102-020(a) (added July 9, 2003)), for entering an intersection against a red traffic light. In July 2003, the City of Chicago (the City) enacted an ordinance under the Municipal Code referred to as the "Automated Red Light Camera Program," which established penalties and fines for registered owners of vehicles used in violation of red light traffic signals. See *Keating v. City of Chicago*, 2013 IL App (1st) 112559-U, *appeal allowed*, No. 116054 (Ill. Sept. 25, 2013).[1] Pursuant to the ordinance, the City installed "red light" cameras at various traffic intersections throughout Chicago. The cameras automatically record photographs of cars that either enter an intersection against a red traffic light or make a turn in the face of a red light when turning is prohibited. *Idris v. City of Chicago*, No. 06 C 6085, 2008 WL 182248, at *1 (N.D. Ill. Jan. 16, 2008) (citing section 9-102-020(a)). These photographs are *prima facie* evidence of traffic violations and the registered owner of the vehicle is, in general, liable for a monetary fine. Chicago Municipal Code § 9-102-020(c) (added July 9, 2003)[2]; *Idris*, 2008 WL 182248, at *1; *Keating*, 2013 IL App (1st) 112559-U, ¶ 2.

¶ 2    Here, plaintiff was issued red light traffic citation No. 7002962715 for an incident that occurred on September 21, 2010, at the intersection of North Avenue and Halsted Street, Chicago, Illinois. He was also issued red light traffic citation No. 7003059115 for an incident that occurred on November 10, 2010, at the same intersection.

¶ 3    Plaintiff contested the traffic citations and the case proceeded to a hearing before the DOAH's administrative law judge (ALJ) on April 14, 2011. At the hearing, the ALJ reviewed the City's photographs and videos, which showed plaintiff's vehicle entering the intersections after the traffic light turned red. Plaintiff did not deny that his vehicle entered the intersections against the red light. Instead, he called an expert witness, Mr. Barnet Fagel, a certified forensic video analyst, who presented a time-coded version of the City's video which he claimed showed that the yellow light at the intersection in question had a duration of only 2.8 seconds on September 21, 2010, when plaintiff's vehicle entered the intersection and only 2.903 seconds on November 10, 2010, when his vehicle entered the intersection. Mr. Fagel

---

[1]*Keating* was affirmed, *per curiam*, by our supreme court after two justices recused and those remaining split their vote. *Keating v. City of Chicago*, 2014 IL 116054.

[2]The current version of section 9-102-020 of the Code, now entitled "Automated traffic law enforcement system violation," provides in relevant part:

"(a) The registered owner of record of a vehicle is liable for a violation of this section and the fine set forth in Section 9-100-020 when the vehicle is used in violation of Section 9-8-020(c) or Section 9-16-030(c) and a recorded image of the violation is recorded by an automated traffic law enforcement system.

\* \* \*

(d) A recorded image of a violation obtained by the automated traffic law enforcement system that has been reviewed in accordance with Section 11-208.3(b)(3) of the Illinois Vehicle Code, 625 ILCS 5/11-208.3 shall be prima facie evidence of a violation of subsection (a)." Chicago Municipal Code § 9-102-020 (added July 9, 2003).

maintained that the short durations of the yellow light were not in compliance with "city, state and federal regulations."

¶ 4    After reviewing Mr. Fagel's video analysis and hearing his testimony, the ALJ determined that the City had made out *prima facie* cases of liability for each red light traffic citation. The ALJ concluded, "after reviewing all of the evidence and testimony given today, I'm going to give greater weight to the City and find that the City did prove its case." The ALJ imposed a $100 fine for each traffic citation.

¶ 5    On May 18, 2011, plaintiff filed a complaint for administrative review with the circuit court. Plaintiff, acting *pro se*, filed a motion appealing the ALJ's decision and petitioning the court to vacate the decision. After plaintiff retained counsel, he filed a motion entitled "Supplemental Specification of Errors" pursuant to section 3-108(a) of the Illinois Code of Civil Procedure (735 ILCS 5/3-108(a) (West 2008)), pointing to alleged errors concerning the following: the record on review; the DOAH hearing; and the violations of notice. Plaintiff also challenged the ordinance on the alleged ground that the City did not have the power under its home rule authority to operate the "Automated Red Light Camera Program." The circuit court heard arguments on the case on February 9, 2012, but reserved its ruling.

¶ 6    At a follow-up hearing on February 16, 2012, the circuit court remanded the case to the DOAH to supplement the record with a copy of plaintiff's time-coded version of the City's video and Mr. Fagel's curriculum vitae. Plaintiff agreed to withdraw red light traffic citation No. 7002962715 from administrative review because the citation had already been paid.

¶ 7    On December 14, 2012, after the record had been supplemented, the circuit court held a hearing at which it reviewed the time-coded version of the video. After reviewing the video and hearing argument from counsel, the court determined that the City had not sustained its *prima facie* case of liability with respect to red light traffic citation No. 7003059115 because Fagel's expert testimony concerning the short duration of the yellow light at the subject intersection was sufficient to rebut the City's *prima facie* case. The court also determined that the City had failed to establish its *prima facie* case because the violation notice was defective where it inaccurately stated the duration of the yellow light.

¶ 8    The circuit court issued an order reversing the ALJ's decision and vacating her findings, decision and order. The City appealed. For the reasons that follow, we reverse the judgment of the circuit court and affirm and reinstate the decision of the ALJ in favor of the DOAH.

¶ 9                                                    ANALYSIS

¶ 10    As this matter comes to us as an appeal from a judgment of the circuit court rendered in an administrative review action, we review the decision of the administrative agency rather than the determination of the circuit court. *Swanson v. Board of Trustees of the Flossmoor Police Pension Fund*, 2014 IL App (1st) 130561, ¶ 27. The applicable standard of review depends upon whether the issue on appeal is one of fact, one of law, or a mixed issue of fact and law. *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 234 Ill. 2d 446, 463 (2009).

¶ 11    Here, the issue on appeal is whether the ALJ's factual finding that plaintiff was liable for red light traffic citation No. 7003059115, for the incident that occurred on November 10, 2010, at the intersection of North Avenue and Halsted Street, was against the manifest weight of the evidence. An administrative agency's findings on questions of fact are deemed *prima facie*

true and correct and will not be overturned unless they are against the manifest weight of the evidence. *Wilson v. Municipal Officers Electoral Board*, 2013 IL App (1st) 130957, ¶ 10. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992).

¶ 12    The City argues on appeal that the ALJ's finding of liability was not against the manifest weight of the evidence because the finding was amply supported by photographic and video evidence showing plaintiff's vehicle entering the intersection after the traffic signal turned red. The City claims that although plaintiff presented Fagel's expert testimony in an attempt to rebut the City's *prima facie* case of liability, the ALJ evaluated the testimony and chose not to credit it. The City argues that the circuit court did not have the authority to reassess Fagel's credibility or reweigh the evidence and therefore the ALJ's finding of liability should be reinstated.

¶ 13    "On administrative review, neither this court nor the circuit court can reweigh the evidence or the determination of the credibility of the witnesses, which is to be made by the agency." *Haynes v. Police Board*, 293 Ill. App. 3d 508, 511-12 (1997). Determinations as to the weight of evidence and the credibility of witnesses are matters within the province of the agency (*O'Neill v. Rodriguez*, 298 Ill. App. 3d 897, 903 (1998)), and "[t]he mere fact that a conclusion opposite to the one reached by the agency is reasonable or that the reviewing court might have ruled differently will not justify the reversal of administrative findings." *Terrano v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 315 Ill. App. 3d 270, 274 (2000). If the record contains competent evidence to support the agency's decision, it should be affirmed. *Terrano*, 315 Ill. App. 3d at 274; *O'Neill*, 298 Ill. App. 3d at 903.

¶ 14    With these principles in mind, we find the ALJ's finding of liability was not against the manifest weight of the evidence. The undisputed photographic and video evidence revealed that plaintiff's vehicle entered the intersection after the traffic signal turned red. This evidence was *prima facie* evidence of a red-light traffic violation under section 9-102-020(d) of the Code. See *Idris*, 2008 WL 182248, at *1; *Keating*, 2013 IL App (1st) 112559-U, ¶ 2.

¶ 15    While plaintiff attempted to rebut this *prima facie* case with Fagel's expert testimony, the ALJ apparently did not find the testimony to be reliable. Fagel testified that based on his analysis of the time-coded version of the video, the yellow light remained illuminated for only 2.903 seconds, rather than 3.07 seconds as stated on the violation notice. After viewing the video, the ALJ disagreed with Fagel as to the precise time the traffic light changed from yellow to red, and she challenged his methodology of calculating the duration of the yellow light, stating, "[plaintiff's] witness is alleging that the amber light is too short, and he's measuring the time just from the amber, not when it switched to red."

¶ 16    Moreover, in a red-light traffic violation case like this involving such minuscule time frames, the reliability of Fagel's expert testimony regarding the 2.903 seconds was called into question by the fact that it conflicted with his affidavit in which he averred that the yellow lights on the individual signals at the intersection were respectively illuminated for 2.969 seconds, 2.970 seconds, and 2.970 seconds. More importantly, Fagel's affidavit contained a mathematical error where he averred that one of the yellow signals was illuminated at the 1.969 mark and terminated at the 4.905 second mark, for a net time of 2.969 seconds; however, 4.905 minus 1.969 equals 2.936, not 2.969. An expert's testimony is only as reliable as the facts upon which it is based. *R.J. Management Co. v. SRLB Development Corp.*, 346 Ill. App.

3d 957, 969 (2004). In sum, the evidence supports the ALJ's finding that plaintiff committed the red-light traffic violation at issue and that an opposite conclusion is not clearly evident.

¶ 17     Plaintiff raises various alternative arguments as to why we should affirm the circuit court's ruling. At the outset, we note that plaintiff's reminder to us of the principle that we can affirm the circuit court's ruling on any reasonable basis in the record has no application here because the only decision before this court on administrative review is that of the administrative agency.

¶ 18     In any event, plaintiff argues the following: (1) the City failed to prove he was the registered owner of the vehicle at issue; (2) the City's violation notice was not signed as required by section 11-208.3 of the Illinois Vehicle Code (625 ILCS 5/11-208.3 (West 2008)); (3) the technician's certificate certifying the technician had reviewed the video and photographic evidence and determined that plaintiff did not come to a full stop at a red traffic light before entering the intersection was defective in that the technician's signature was not "notarized, sworn under oath or made under penalty of perjury" and therefore it failed to comply with the City's own rules requiring that a City administrative case be presented by "live sworn testimony and/or by sworn signed prima facie documentation" (City of Chicago General Rules and Regulations § 9.2 (eff. July 14, 1997); *Aich v. City of Chicago*, 2013 IL App (1st) 120987, ¶ 16); and (4) in reaching her decision, the ALJ improperly relied on the speed of plaintiff's vehicle.

¶ 19     Plaintiff's alternative arguments were never presented at the administrative hearing and are consequently waived. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212-13 (2008); *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278-79 (1998). Moreover, even if plaintiff had preserved these issues for our review, he would not have been entitled to any relief because our review of the record and the arguments advanced by the parties in their appellate briefs leads us to conclude that his claims are without merit.

¶ 20     Finally, we reject plaintiff's contention that the City failed to provide an adequate record on appeal. The record contains a full transcript of the administrative hearing, including documentary evidence supporting the ALJ's liability finding. In regard to purported inadequacy of the record of the circuit court proceedings, the City remedied the absence of transcripts from the circuit court by supplementing the record on appeal with a stipulated bystander's report pursuant to Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005).

¶ 21     Plaintiff argues that the stipulated bystander's report "is a woefully inadequate substitute for a real record of what took place" in the circuit court. However, plaintiff had an opportunity to review the proposed bystander's report and thereafter he stipulated that it "accurately summarizes the proceedings that occurred in the circuit court on December 14, 2012." He cannot now complain that the bystander's report is incomplete or inaccurate. A party cannot complain of an error which he induced or to which he consented. *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000).

¶ 22     For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and affirm and reinstate the decision of the ALJ in favor of the DOAH.

¶ 23     Circuit court reversed. Administrative agency's decision affirmed and reinstated.